IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

ASSOCIATION FOR DISABLED
AMERICANS, INC., AND
MICHELLE WISNIEWSKI

   Plaintiff,

vs.

CRACKED EGG CAFE INC.

   Defendants.

_____

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, MICHELLE WISNIEWSKI (hereinafter referred to as "Plaintiff" or "Wisniewski"), and THE ASSOCIATION FOR DISABLED AMERICANS INC. (hereinafter referred to as "Plaintiffs" or "Association" hereby sues the Defendants CRACKED EGG CAFE INC. (hereinafter sometimes referred to as "Defendants," or " Cracked Egg"), for permanent injunctive relief for access and barrier removal pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively

---

    [1]    Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

referred to as "FACBC"), a restaurant and related facilities commonly known as the Cracked Egg Café , (hereinafter sometimes referred to as "Building" or "Premises").

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Key West, Florida, and the subject Premises is located in Monroe County, Florida.

## PARTIES

. 4. Plaintiff, the Association for Disabled Americans, Inc., (hereinafter "the Association"), is a non-profit corporation organized and existing under the laws of the State of Florida.

5. The Association's members, including the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC, including individuals with sight, hearing, mobility and other disabilities.

6. The Association seeks to improve the economic and societal opportunities of its members by providing counseling and other services to its members as well as, when required, enforcing the legal rights to access for its members in order to

facilitate their participation and integration into society.

7. In so doing, the Association seeks to assure that public spaces and commercial premises are accessible to, and usable by, its members in the future; to assure its members that they will not be excluded from participation in, or be denied the benefits of, the services, programs or activities of public accommodations; and, to assure its members that they are not discriminated against because of their disabilities.

8. The Association and its members have suffered direct and indirect injury as a result of the Defendants' discriminatory practices described more fully herein, and will continue to suffer such injury and discrimination without the relief provided by the ADA and the FACBC as requested herein.

9. Defendants' discriminatory practices have forced the Association to divert resources from its counseling and other programs, thereby perceptibly impairing the Association's ability to provide services to its members and directly frustrating one of the goals of the Association – to facilitate access and integration for its members.

10. The Association has also been discriminated against because of its association with its members and their claims.

11. Plaintiff Michelle Wisniewski is a resident of the State of Florida who resides in Cudjoe Key Florida, located in Monroe County, Florida is *sui juris*, is a qualified individual under the ADA and the FACBC, and is a member of the Association for Disabled Americans, Inc.

12. Plaintiff Wisniewski suffers from, *inter alia*, acute respiratory failure and requires a

wheelchair to ambulate.

13. Plaintiff, the Association for Disabled Americans, Inc., [hereinafter "the Association"], is a non-profit corporation organized and existing under the laws of the State of Florida.

14. The Association's members, including the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC, including individuals with sight, hearing, mobility and other disabilities.

15. Plaintiff, Michelle Wisniewski, resides in Cudjoe Florida, located in Monroe County, Florida.

16. Wisniewski is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been denied access to the premises as set forth more fully herein, and who will continue to be denied access without the injunctive relief requested herein.

17. Plaintiff Wisniewski is a quadriplegic, and suffers from *inter alia*, from end-stage (terminal) emphysema and requires an oxygen mask in order to breathe normally and also requires an electric scooter to ambulate at all times.

18. Plaintiff Wisniewski seeks to partake in the accommodations, privileges and advantages of the services offered by Defendants herein and accorded to her by the various civil rights statutes set forth herein.

19. Plaintiff Wisniewski visited the subject premises on May 04, 2009, and has been denied full access thereto.

20. Plaintiff Wisniewski was not able to safely access the facilities or services at Cracked Egg due to inaccessible parking on the premises.

21. Plaintiff Wisniewski was unable to safely enter the premises due to an inaccessible ramp at the entrance.

22. Wisniewski was not able to navigate comfortably (within the meaning if the ADA), throughout the premises due to inaccessible surface and barriers at seating areas, nor was Wisniewski able to utilize the restroom.

23. Wisniewski spoke with management about the aforementioned barrier issues stated above and was refused accommodations.

24. Plaintiff Wisniewski continues to be denied access thereto, within the meaning of the ADA and the FACBC, due to barriers she encountered during her visit to the premises.

25. Plaintiff Wisniewski is a resident of Cudjoe Key Florida, and desires to access the facilities of Cracked Egg .

26. Ms. Wisniewski will regularly return to the premises once the barriers violating the ADA and the FACBC are removed.

27. However, Plaintiff Wisniewski will be denied full access to the subject premises, as required by the ADA and the FACBC, and is thus deterred from returning to the Premises, unless the injunctive relief requested herein is granted.

28. The Defendant, Cracked Egg Inc., and Big Pine Motel are registered for-profit corporations licensed to business in the state of Florida.

29. The Defendants are the registered operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject Premises.

30. Unknown Defendant(s) are those Defendant(s) that manage, operate or otherwise

exercise financial and other control over and within the subject premises, commonly known as the Cracked Egg Café and Big Pine Motel.

31. These Unknown Parties are expected to be identified and joined through early discovery, so that all proper Parties regarding this action are before the Court.

## Count 1

### Americans With Disabilities Action for Injunctive Relief

32. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq* ("Americans With Disabilities Act").

33. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 21 of this Complaint as if fully stated herein.

34. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

35. The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

36. The premises which are owned, leased to or by, and/or operated by the Defendants, and which is the subject of this action, includes a restaurant, and related facilities.

37. The restaurant and related facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiff as required by the ADA.

38. Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

.   The Defendants have discriminated against the individual Plaintiff and the Corporate Plaintiff  organization and its members by denying  access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

39. Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

40. The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302*et seq.*, and are discriminating against the Plaintiff and the members of the corporate Plaintiff organization as a result of, *inter alia*, the following violations:[2]

> a. Disabled parking is not present pursuant to ADAAG 4.6, and FACBC-11.4.6. 4.and Florida Statutes  section 553.5041.
>
> b. The entrance ramp to the restaurant has an excessive slope exceeding 1:12 pursuant to ADAAG 4.8.2. and FACBC 11-4.8.3.  (Pictures 2, 4 & 5)
>
> c. At the foot of the ramp, an additional bevel creating an even more excessive bevel is present contributing to the possibility of tipping backwards, precluded by ADAAG 4.3, 4.5 & 4.8.  (Pictures 2 & 4)

---

[2]   Due to the architectural barriers encountered, all areas of the premises were not able to be assessed.  Accordingly, the above list is not to be considered inclusive.

d. At the main entrance, no signage is president indicating the location of the accessible entrance pursuant to ADAAG 4.1.6(1)(h).

e. Handrails on the ramp are not mounted between 34" & 36", do not provide a graspable surface that is continuous because of the upright supports, do not become rounded or return to the ground or post, and do not provide for extensions at the top or bottom all pursuant to ADAAG 4.8.5. (Pictures 2-5)

f. No edge protections are present on the sides of the ramp pursuant to ADAAG 4.8.7.  (Pictures 2-5)

g. A vertical change in level is present at the threshold of the entrance door precluded by ADAAG 4.13.  (Picture 5)

h. The door leading to the restrooms lacks accessible door hardware requiring grasping and twisting precluded by ADAAG 4.13.9.  (Pictures 9 & 12)

i. A vertical change in level of approximately 1" is present at the bottom of the door leading to the restrooms precluded by ADAAG 4.13.8.  (Picture 12)

j. The hallway running outside of the restroom doors lacks adequate width pursuant to ADAAG 4.3.  (Picture 11)

k. No compliant signage is present at the restrooms as they are not mounted on the wall at 60" above the finished floor  the signage lacks pictograms, and, Braille, lack proper contrast and are not tactile pursuant to ADAAG 4.30.  (Picture 8)

m. A threshold is present at the restroom doors of approximately 1½" precluded by ADAAG 4.13.8.  (Pictures 7, 10 & 11)

n. The doors to the restrooms lack the minimum 32" clearance pursuant to ADAAG 4.13.5.  (Pictures 7, 8, 10 & 11)

o. Adequate door delay is not present at the restroom doors pursuant to ADAAG 4.13.10.

p. The required 18" maneuvering clearance at inside of the door is not present precluded by ADAAG 4.13.6.  (Picture 14)

q. The lavatory pipes are not insulated to protect from sharp and protruding objects or scalding  pursuant to ADAAG 4.19.4.  (Picture 15)

    r. The toilet paper dispenser is not mounted at 19" and is not 36" from the back wall pursuant to ADAAG 4.16.6. (Pictures 13 & 16)

    s. The control on the paper towel dispenser is beyond reach parameters of 54" precluded by ADAAG 4.2.5 & 4.27. (Picture 14)

    t. No grab bars are present at the commode precluded by ADAAG 4.16.4 & 4.22.4. (Pictures 15 & 16)

    u. The commode is not mounted at 17"-19" above the finish floor pursuant to ADAAG 4.16.6.

    v. Inadequate clear floor space is present for an individual who uses a wheelchair to turn around within the restroom pursuant to ADAAG 4.2.3, 4.16.2 & 4.22.3. (Pictures 15 & 16)

41. The individual Plaintiff and the corporate Plaintiffs has been denied access to, and the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' ADA violations set forth above.

42. Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

43. Besides the individual Plaintiff claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. See ***Hunt v. Washington State Apple Advertising Commission,*** 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the

claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord, Doe v. Stincer,* 175 F.3d 879 (11th Cir. 1999).

44. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay counsel reasonable attorneys' fees, including costs and expenses incurred in this action.

31. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

33. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, and awarding Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite modifications are completed.

## COUNT II

### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

34. This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

35. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 34 of this Complaint as if fully stated herein.

36. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "The Federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[3] and Title II of Public Law No. 101-336,[4]" subject to the additional requirements of Fla. Stat. § 553.504.

37. Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC). The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

38. In addition, Fla. Stat. § 553.502 provides that "nothing in §. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

---

[3]  28 CFR §§ 36.101, *et seq,* 36.401, *et seq.*

39. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code.</u> The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law.  Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code.  Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

40. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

41. Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

42. At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501,

---

[4] 42 U.S.C.A. § 12131, *et seq.*

*et seq.*, to provide access to the subject premises by Plaintiffs herein.

43. Defendants breached their duty to provide access to the subject premises by Plaintiff and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

   a. Disabled parking is not present pursuant to ADAAG 4.6, and FACBC-11.4.6.4, and Florida Statutes section 553.5041.

   b. No disabled parking signage together with "Tow Away Zone" is present Pursuant to FACBC 11-4.6., & Florida statute 553.5041. (Pictures 4 & 5).

   c. The entrance ramp to the restaurant has an excessive slope exceeding 1:12 pursuant to ADAAG 4.8.3 and FACBC 11-4.8.2. (Pictures 2, 4 & 5)

   d. At the foot of the ramp, an additional bevel creating an even more excessive bevel is present contributing to the possibility of tipping backwards, precluded by ADAAG 4.3, 4.5 & 4.8. (Pictures 2 & 4).

   e. At the main entrance, no signage is president indicating the location of the accessible entrance pursuant to ADAAG 4.1.6(1)

   f. Handrails on the ramp are not mounted between 34" & 36", do not provide a graspable surface that is continuous because of the upright supports, do not become rounded or return to the ground or post, and do not provide for 18 inch extensions at the top or bottom all pursuant to ADAAG 4.8.5. (Pictures 2-5).

   g. No edge protections are present on the sides of the ramp pursuant to ADAAG 4.8.7. (Pictures 2-5).

   h. A vertical change in level is present at the threshold of the entrance door precluded by ADAAG 4.13. (Picture 5).

   i. The door leading to the restrooms lacks accessible door hardware requiring grasping and twisting precluded by ADAAG 4.13.9. (Pictures 9 & 12).

   J. A vertical change in level of approximately 1" is present at the bottom of the door leading to the restrooms precluded by ADAAG 4.13.8. (Picture 12).

k. The hallway running outside of the restroom doors lacks adequate width pursuant to ADAAG 4.3. (Picture 11).

l. No compliant signage is present at the restrooms as they are not mounted on the wall at 60" above the finished floor, lack pictograms, lack Braille, lack proper contrast and are not tactile pursuant to ADAAG 4.30. (Picture 8).

m. A threshold is present at the restroom doors of approximately 1½" precluded by ADAAG 4.13.8. (Pictures 7, 10 & 11).

n. The doors to the restrooms lack the minimum 32" clearance pursuant to ADAAG 4.13.5. (Pictures 7, 8, 10 & 11).

o. Adequate door delay is not present at the restroom doors pursuant to ADAAG 4.13.10.

p. The restroom doors have excessive resistance precluded by FACBC 11-4.13.11.

q. The required 18" maneuvering clearance at inside of the door is not present precluded by ADAAG 4.13.6. (Picture 14).

r. A lavatory pipes are not insulated to protect from sharp and protruding objects or scalding pipes pursuant to ADAAG 4.19.4. (Picture 15).

s. The toilet paper dispenser is not mounted at 19" and is not 36" from the back wall pursuant to ADAAG 4.16.6. (Pictures 13 & 16).

t. The control on the paper towel dispenser is beyond reach parameters of 54" precluded by ADAAG 4.2.5 & 4.27. (Picture 14).

u. No grab bars are present at the commode precluded by ADAAG 4.16.4 & 4.22.4. (Pictures 15 & 16).

v. The commode is not mounted at 17"-19" above the finish floor pursuant ADAAG 4.16.6.

w. Inadequate clear floor space is present for an individual who uses a wheelchair to turn around within the restroom pursuant to ADAAG 4.2.3, 4.16.2 & 4.22.3. (Pictures 15 & 16).

44. The individual Plaintiff has been denied access to, and has been denied the

benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of Defendant's FACBC violations set forth above.

45. Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage without the relief provided pursuant to the FACBC as requested herein.

46. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.

47. Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

48. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, and closing the subject premises until the requested modifications are completed.

Respectfully Submitted,

s/Robben M. Heethuis (Florida BarNo.75899)
Max.Heethuis@hotmail.com
Heethuis and Associates LCC
1888 NW 7th Street
Miami, FL 33125
Phone: (269)-370-4751
Attorney for Plaintiffs The Association for Disabled Americans, Inc./Michelle Wisniewski